Form No. 3 (Pg. 1)

| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| SECRETARY OF THE TREASURY OF THE COMMONWEALTH OF PUERTO RICO | J.R. INSULATION SALES & SERVICE, INC. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (if Known) |
|---|---|
| ACEVEDO & ACEVEDO LAW OFFICES JUAN A. CUYAR COBB, ESQ. P.O. BOX 9023905 SAN JUAN, PR 00902-3905 | FRANCISCO R. MOYA HUFF, ESQ. 206 TETUAN STREET BANCO POPULAR BUILDING, SUITE 401 SAN JUAN, PR 00901-1802 |

PARTY (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

REVOCATION OF CONFIRMATION ORDER
(11 U.S.C § 1144)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☒ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 0.00 | OTHER RELIEF SOUGHT REVOCATION OF CONFIRMATION ORDER | ☐ JURY DEMAND |
|---|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR J.R. INSULATION SALES & SERVICE, INC. | BANKRUPTCY CASE NO. 03-02050 (GAC) | NAME OF JUDGE |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING PUERTO RICO | DIVISIONAL OFFICE | |

RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE | (Check one box only.) ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE MARCH 15, 2007 | PRINT NAME JUAN A. CUYAR COBB, ESQ. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | x | |
| | x | CASE NO. 03-02050-GAC |
| J.R. INSULATION SALES | x | |
| & SERVICE, INC. | x | |
| | x | CHAPTER 11 |
| Debtor | x | |
| x x x x x x x x x x x x x x x x | | |
| | x | |
| SECRETARY OF THE | x | |
| TREASURY OF THE | x | |
| COMMONWEALTH | x | ADV. NO. 07-____ |
| OF PUERTO RICO | x | |
| | x | |
| Plaintiff | x | |
| | x | |
| V. | x | |
| | x | |
| J.R. INSULATION SALES | x | |
| & SERVICE, INC. | x | |
| | x | |
| Defendant | x | |
| x x x x x x x x x x x x x x x x | | |

## COMPLAINT
## TO REVOKE ORDER OF CONFIRMATION

**TO THE HONORABLE COURT:**

Comes now, the Secretary of the Treasury of the Commonwealth of Puerto Rico ("Treasury"), through the undersigned counsel, and very respectfully sets forth its complaint, pursuant to Bankruptcy Procedure Rule 7001(5), to revoke the order of confirmation entered in the chapter 11 case of reference, or in the alternative, to enter an order approving the stipulation agreed by Debtor:

Introduction

1. In the instant bankruptcy case, Debtor was able to confirm its plan of reorganization, only after reaching an agreement regarding unpaid post-petition taxes with Treasury. As informed by Debtor at the confirmation hearing, such stipulation consisted of a set-off of Debtor's right to a tax refund for pre-petition periods against the post-petition tax debt. Debtor had a right to a refund of approximately $927,698.00, but had accrued a post-petition tax debt of approximately $980,737.16. Then, after obtaining confirmation, Debtor has refused to execute the stipulation document that contains such agreement, asserting that such was not the stipulation agreed upon by the parties.

2. In order to redress the aforementioned injustice, hereby, Treasury seeks the revocation of the order of confirmation, or in the alternative, the approval of the stipulation agreed by the parties and informed to this Honorable Court by Debtor.

Parties

3. Plaintiff is the Secretary of the Treasury of the Commonwealth of Puerto Rico (hereinafter, sometimes, "Plaintiff" or "Treasury"), who has capacity to sue and be sued as an officer of the government of the Commonwealth of Puerto Rico.

4. Defendant is Debtor herein, J.R. Insulation Sales & Service, Inc., a corporation organized and doing business under the laws of the Commonwealth of Puerto Rico, that offers specialty construction services, such as insulation, refractory, asbestos abatement, scaffolding services, and special vacuuming services. (hereinafter, sometimes, "Defendant" or "Debtor").

Jurisdiction and venue

5. This Honorable Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Secs. 157(b), 1334(b), and 2201(a). This is a core proceeding under 28 U.S.C. Sec. 157(b)(2)(L). The statutory predicate for the relief requested is 11 U.S.C. Sec. 1144.

6. Venue in this Honorable Court is proper pursuant to 28 U.S.C. Sec. 1409(a).

Bankruptcy case

7. On February 28, 2003, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. *Docket no. 1 of bankruptcy case no. 03-02050-GAC.*

8. On May 6, 2003, Treasury filed proof of claim number 21, for unpaid taxes in the total amount of $1,176,116.33, of which $1,034,778.65 are entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code. 11 U.S.C. Sec. 507(a)(8).

9. On October 14, 2003, Debtor filed an adversary proceeding against Treasury, in connection to certain right to a tax refund. *Docket no. 1 of adv. proc. no. 03-00158-GAC.* In cited adversary proceeding, Debtor filed a motion for summary judgment and Treasury filed a cross motion for summary judgment. *Dockets no. 12, 13, 14, 22, 23, and 25 of adv. proc. no. 03-00158-GAC.* The resolution of such motions depended on the conclusions of a tax audit of Debtor from the part of Treasury.

10. On May 26, 2004, Debtor filed an objection to Treasury's proof of claim number 21, among others. *Docket no. 135 of bankruptcy case no. 03-02050-GAC.*

11. On August 25, 2004, Treasury requested that the issue related to Debtor's

objection to claim number 21 be held in abeyance until the resolution of certain adversary proceeding filed by Debtor. *Docket no. 185 of bankruptcy case no. 03-02050-GAC.* In the hearing held on November 8, 2004, this Honorable Court granted such request, and thus, ordered that said objection be held in abeyance pending the outcome of cited adversary proceeding. *Docket no. 207 of bankruptcy case no. 03-02050-GAC.*

12. After the tax audit was concluded, Treasury informed that Debtor had a right to a tax refund for tax years 1999, 2000, 2002, 2003, 2004 in the total amount of $818,215.00, plus accrued interest of $94,557.00 until March 7, 2006, for a total amount of $912,772.00, plus any other accrued interest, (which, as of the confirmation hearing date of October 17, 2006, had accrued to $109,483.00, for a total amount of $927,698.00),(the "Tax Refund Sum").

13. On June 7, 2006, this Honorable Court approved Debtor's disclosure statement. *Docket no. 400 of bankruptcy case no. 03-02050-GAC.*

14. On September 27, 2006, Treasury filed an objection to the confirmation of Debtor's plan of reorganization. *Docket no. 443 of bankruptcy case no. 03-02050-GAC.*

15. During the pendency of the bankruptcy case, Debtor accrued a debt with Treasury consisting of the following amounts: (a) $641,102.80 of principal, plus (b) $128,263.04 of interest, plus (c) $64,099.22 of surcharges, plus (d) $147,272.10 of fees and penalties, for a total sum of $980,737.16, (the "Post-Petition Tax Debt").

16. A confirmation hearing was held on October 17, 2006, (the "Confirmation

Hearing"). In such audience, Treasury withdrew its objection to the confirmation of Debtor's plan of reorganization, in consideration of an agreement reached between the parties. A stipulation that contained the agreements reached by the parties was to be filed with the court. *Docket no. 452 of bankruptcy case no. 03-02050-GAC.*

17. As informed by Debtor to this Honorable Court at the Confirmation Hearing, the parties agreed to a set-off of the Tax Refund Sum with the Post-Petition Tax Debt, (the "Stipulation"). *See transcript of Confirmation Hearing, docket no. 477.*

18. On October 20, 2006, this Honorable Court confirmed Debtor's plan of reorganization, (the "Confirmation Order"). *Docket no. 454 of bankruptcy case no. 03-02050-GAC.*

## Confirmation of plan

19. In order to confirm its plan, Debtor had to resolve (a) Treasury's objection to confirmation, and (b) Debtor's post-petition tax debt. Thus, by the Confirmation Hearing, Debtor needed to reach an agreement with Treasury to be able to obtain a confirmation order.

20. After conversations and communications and meetings, prior to the Confirmation Hearing, Debtor proposed to Treasury that the Tax Refund Sum be credited against the Post-Petition Tax Debt, and thus, requested that such amounts be set off against each other.

21. With the intention of resolving the pending issues between the parties, that would result in the confirmation of Debtor's plan, Treasury accepted Debtor's offer of set off,

5

even though the amount of the Post-Petition Tax Debt was higher than the amount of the Tax Refund Sum.

22. In the Confirmation Hearing, Debtor informed the court of the Stipulation reached with Treasury:

> "MR. MOYA HUFF: We have another stipulation with the Treasury Department. We have come to this agreement. It has not been put down in writing because we just finished agreeing on this, Your Honor,...
>
> THE COURT: Okay.
>
> MR. MOYA HUFF: ... but the Treasury Department of Puerto Rico has $818,000 in retained taxes that they represented to the Court that they do have them.
> And in order for the Debtor to comply with the requirements of confirmation of a Plan he has to be current on the post petition priority taxes.
> So, we have agreed that the Treasury Department for Puerto Rico will setoff their post petition administrative taxes against retained taxes that are in their possession.
> And that would like clean the slate on the post petition administrative taxes. Pre petition administrative taxes will be paid pursuant to the plan.
>
> THE COURT: Are the amounts basically the same? Because you say you have $818,000 in payments that have been made to Treasury.
> What is the post petition arrears?
>
> MR. CUYAR: Your Honor, Juan Cuyar for the Puerto Rico Treasury Department.
> Administrative expenses, post petition taxes, are in the approximate sum of $981,000.
>
> THE COURT: Okay.
>
> MR. CUYAR: Debtor has alleged, and the Treasury Department is willing to concede certain interest on the amounts that have been

withheld by the Treasury Department.

Still there appears to be a shortfall which is going to be the matter of this stipulation to be filed within ten (10) days.

But it is the understanding of the Treasury Department that the post petition liabilities of the Debtor will be resolved with that stipulation." *Line no. 8 of page no. 6 through line no. 1 of page no. 8 of the transcript of the confirmation hearing held on October 17, 2006 in bankruptcy case no. 03-02050-GAC, docket no. 477.*

23. In consideration of the Stipulation represented to the court by Debtor, Treasury withdrew its objection to confirmation of plan:

"THE COURT: So, the Treasury Department has no objection to the confirmation of the Plan as it stands, is that right?

MR. CUYAR: Exactly.

And consequently the Treasury Department withdraws its objection to the confirmation." *Line no. 2 through line no. 8 of page no. 8 of the transcript of the confirmation hearing held on October 17, 2006 in bankruptcy case no. 03-02050-GAC, docket no. 477.*

24. Debtor obtained the confirmation Order of October 20, 2006, by virtue of the aforementioned representations made to Treasury and this Honorable Court regarding the Stipulation.

25. On November 14, 2006, Debtor filed an application for final decree, and this Honorable Court entered a related Order on November 15, 2006. *Dockets no. 457 and no. 459 of bankruptcy case 03-02050-GAC.* On December 15, 2006, Treasury filed a motion regarding Debtor's application for final decree, to state that such an order should not be entered until the Stipulation document was filed. *Docket no.469 of bankruptcy case 03-02050-GAC.*

26. In response thereto, on same date of December 15, 2006, Debtor filed a Reply

to Motion Filed by the Treasury Department Regarding Final Decree, (the "Stipulation Motion"), to reiterate in writing the Stipulation reached with Treasury:

> "The Treasury Department agreed with the Debtor that all post-petition administrative claims would be set-off with the retained taxes that they admitted before the Court had in their possession and had not returned to the debtor. They withdrew their objection to the confirmation of the plan and requested from the Court ten (10) days to file the Stipulation." *Paragraph no. 1 of docket no. 470 of bankruptcy case no. 03-02050-GAC.*

27. Furthermore, in the alluded motion, Debtor even requested that this Honorable Court issue an order approving the Stipulation:

> "The Court should enter an Order to the effect of what was presented before it at the Hearing on Confirmation which is that all post petition administrative expenses are to be set-off by the money that the Department of the Treasury has withheld from the debtor as certified to the Court through motion." *Paragraph no. 4 of docket no. 470 of bankruptcy case no. 03-02050-GAC.*

28. Notwithstanding, Debtor has declined to execute the Stipulation document, alleging that the agreement reached between the parties is other. On the contrary, now, Debtor affirms that the parties agreed that only the principal amounts of the Tax Refund Sum and the Post-Petition Tax Debt were to be set-off, which would result in a credit in favor of Debtor to be applied to the pre-petition debt.

### First cause of action: revocation of confirmation order procured by fraud

29. Paragraphs number 1 through number 28 are incorporated herein by reference.

30. Section 1144 of the Bankruptcy Code provides:

> "On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

8

An order under this section revoking an order of confirmation shall –

    (1)    contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

    (2)    revoke the discharge of the debtor." 11 U.S.C. Sec. 1144.

31. Debtor made duplicitous representations to Treasury and to this Honorable Court regarding the terms of the Stipulation between the parties, in order to procure a confirmation order, by (a) inducing Treasury to withdraw its objection to confirmation of plan, through false manifestations, and (b) by misrepresenting before this Honorable Court that no post-petition taxes were owed. Debtor has deceived Treasury and this Honorable Court.

32. As a result of the foregoing fraudulent conduct, the Confirmation Order was procured by fraud, within the meaning of Bankruptcy Code Section 1144. For such reason, the Confirmation Order should be revoked.

<u>Second cause of action (alternative): approval of stipulation</u>

33. Paragraphs number 1 through number 32 are incorporated herein by reference.

34. In the alternative, if this Honorable Court does not revoke the Confirmation Order, Treasury respectfully requests that the Stipulation be approved.

35. In the Confirmation Hearing and the Stipulation Motion, Debtor admitted and accepted the terms of the Stipulation. *Dockets no. 470 and no. 477*. Thus, Debtor has twice described the Stipulation agreed by the parties, and yet Debtor now rejects the terms thereof.

36. In the Stipulation Motion, Debtor goes as far as request an order from this Honorable Court approving the Stipulation. *Docket no. 470*.

37. Based on Debtor's admissions, and request in the Stipulation Motion, this Honorable Court should enter an order approving the terms of the Stipulation.

WHEREFORE, it is respectfully requested that this Honorable Court: (a) enter an order revoking the Confirmation Order, award Treasury its attorneys' fees and costs incurred in bringing the instant adversary proceeding, and grant such other or further relief as is just and proper; or in the alternative, (b) enter an order approving the terms of the Stipulation, award Treasury its attorneys' fees and costs incurred in bringing the instant adversary proceeding, and grant such other or further relief as is just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 15th day of March, 2007.

ACEVEDO & ACEVEDO LAW OFFICES

_____
FRANCISCO L. ACEVEDO NOGUERAS
USDCPR 110610
JUAN A. CUYAR COBB
USDCPR 212401
P.O. BOX 9023905
SAN JUAN, PUERTO RICO 00902-3905
TEL. 787-977-3711 FAX 787-977-3773